UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY ANDREW BAIRD,<br><br>Plaintiff,<br><br>v.<br><br>MARK AND DONNA: LIVING-TRUST,<br><br>Defendant. | Case No. 23-cv-03712-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

For the reasons discussed below, this Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for Mr. Baird's failure to prosecute and failure to comply with court orders.

**REPORT AND RECOMMENDATION**

**I.   BACKGROUND**

On July 26, 2023, Jeffrey Andrew Baird, who is representing himself, filed a complaint, along with an application for leave to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. The following day, Mr. Baird voluntarily filed an amended complaint. Dkt. No. 4.

This Court reviewed Mr. Baird's IFP application and his amended complaint. On July 31, 2023, the Court issued an order finding Mr. Baird's IFP application incomplete. Dkt. No. 5. Mr. Baird was directed to submit a renewed application with all required information by August 31, 2023. Alternatively, Mr. Baird was given the option of paying the filing fee by August 31, 2023. *Id*. at 1. The order stated that "[i]f Mr. Baird does not timely file a corrected IFP application or pay the filing fee, the Court will reassign this case to a district judge and recommend that this action be dismissed." *Id*.

Additionally, the Court found that Mr. Baird's amended complaint failed to establish federal jurisdiction over his claims and also failed to state a claim for relief. *See id*. at 2-3. Mr. Baird was given leave to file a second amended complaint by August 31, 2023. *Id*. at 3. The Court's order stated that "[i]f Mr. Baird does not timely file an amended complaint, or if his amended complaint does not cure the identified deficiencies, the Court will recommend dismissal of this action in whole or in part." *Id*. at 3.

The docket indicates that Mr. Baird has not submitted a renewed IFP application (or paid the filing fee). Nor has he filed a second amended complaint.

On September 8, 2023, the Court issued an order directing Mr. Baird to file a written response by September 22, 2023, showing cause why this action should not be dismissed for his failure to prosecute this case and to comply with court orders. Dkt. No. 6. That order expressly stated that "[i]f Mr. Baird fails to respond to this order by the September 22, 2023 deadline, the Court will reassign this action to a district judge, with the recommendation that the action be dismissed without prejudice for failure to prosecute and to comply with court orders." *Id*. at 2. The Court has received no response from Mr. Baird, and the September 22, 2023 deadline has passed.

## II. DISCUSSION

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-33 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61).

First, "[t]he public's interest in expeditious resolution of litigation always favors

dismissal." *Id*. (internal quotations and citation omitted).  In view of Mr. Baird's failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants.  *Id*. (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Id*.  Mr. Baird's failure to respond to or comply with the Court's orders, and to prosecute this matter have delayed the resolution of this litigation.  Mr. Baird's non-responsiveness and non-compliance have "consumed some of the court's time that could have been devoted to other cases on the docket."  *Id*.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Id*. (internal quotations and citation omitted).  This factor may be neutral, insofar as there is no indication that the defendant has been served.  But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting.  *Id*. at 642-43.  Despite being given ample opportunity to do so, Mr. Baird has provided no explanation for his failure to pursue this matter or to comply with the Court's orders.  His failure to offer any explanation weighs in favor of dismissal.  *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal.").  *Cf. Laurino v. Syringa Gen. Hosp*., 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

Fourth, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262.  The Court's July 31, 2023 order (Dkt. No. 5) and September 8, 2023 order to show cause (Dkt. No. 6) expressly cautioned Mr. Baird that this action could be dismissed for his failure to comply with court orders and lack of attention to this matter.  This factor weighs in favor of

3

dismissal.

Fifth, "[p]ublic policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643.  Even so, the other four factors weigh in favor of dismissing this action.

## III. CONCLUSION

Because not all parties have consented to the this Court's jurisdiction, it is ordered that this case be reassigned to a district judge.  For the reasons discussed above, it is recommended that the newly assigned district judge dismiss this action, without prejudice, for Mr. Baird's failure to prosecute this action and failure to comply with court orders.

Any party may serve and file objections to this report and recommendation within 14 days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: September 29, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge